IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
| v. | * | Criminal No.  ELH-14-0210 |
| LAITON BLAKE WITKOWSKI | * |  |

\* \* \* \* \* \* \* \* \* \* \*

**MOTION TO SUPPRESS**

The defendant, Laiton Blake Witkowski, by and through his attorney, Katherine Tang Newberger, Assistant Federal Public Defender, hereby respectfully moves this Honorable Court to issue a pre-trial ruling barring the Government from admitting any and all statements made by Mr. Witkowski on February 6, 2014, whether oral, written or otherwise recorded, which the Government proposes to use as evidence against him at trial.  Mr. Witkowski also moves to suppress the computers, electronic storage devices, CDs and DVDs seized by law enforcement from his home on February 6, 2014, and any evidence obtained from those items.  In support of this Motion, counsel states the following:

1.  Mr. Witkowski is charged in a seven-count indictment with two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a); one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and four counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2).  On May 7, 2014, Mr. Witkowski appeared for his arraignment and pled not guilty to the charges.

2.  On February 6, 2014, law enforcement officers executed a search warrant at Mr.

1

Witkowski's home. The officers seized CDs, DVDs, VHS tapes, hard drives, computers and a CD writer.

3. Mr. Laiton Witkowski was not home at the time, so a police officer called Mr. Witkowski on the phone and spoke with him by phone 20 minutes later. Mr. Witkowski allegedly made inculpatory statements during that conversation.

4. Any oral or recorded statements given by Mr. Witkowski on February 6, 2014, were potentially obtained in violation of the Fifth and Sixth Amendments to the U.S. Constitution and Miranda v. Arizona, 384 U.S. 436 (1966).

5. Mr. Witkowski is entitled to a hearing regarding the voluntariness of any statements attributed to him in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in United States v. Inman, 352 F.2d 954 (4th Cir. 1965).

6. Furthermore, the search of Mr. Witkowski's home violated the Fourth Amendment to the U.S. Constitution because the affidavit underlying the warrant did not establish probable cause to believe evidence of a crime would be found at the location. See Doe v. Broderick, 225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'"); Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (holding officer seeking issuance of search warrant must present affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause"; probable cause requirement demands that officer demonstrate "fair probability" that evidence of crime will be found at particular place); Brinegar v. United States, 338

U.S. 160, 175 (1949) (stating probable cause means "more than bare suspicion").

7. Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant. See United States v. Leon, 468 U.S. 897, 923 (1984) (finding when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith).

8. Mr. Witkowski accordingly requests that this Court issue a pre-trial ruling barring the Government from admitting at trial in this case evidence obtained during the search of his home.

**WHEREFORE**, Mr. Witkowski respectfully moves this Honorable Court to issue a pre-trial ruling barring the Government from using any statements he made on February 6, 2014, and any evidence obtained from the items seized from his home on that date.

    Respectfully submitted,

    JAMES WYDA
    Federal Public Defender
      for the District of Maryland

    /s/
    _____
    KATHERINE TANG NEWBERGER (# 27803)
    Assistant Federal Public Defender
    100 South Charles Street
    Tower II, 9th Floor
    Baltimore, Maryland 21201
    Phone: (410) 962-3962
    Fax: (410) 962-0872
    Email: katherine_newberger@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, Mr. Witkowski requests a hearing on this motion.

/s/
_____
KATHERINE TANG NEWBERGER
Assistant Federal Public Defender